UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAFAEL A. ALVAREZ ROSARIO,

        Plaintiff,

      v.                                17-CV-140
                                        Decision & Order
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

On February 16, 2017, the plaintiff, Rafael Alvarez Rosario, brought this action under the Social Security Act ("the Act"). He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled. Docket Item 1. On October 17, 2017, Alvarez Rosario moved for judgment on the pleadings, Docket Item 13, and on December 12, 2017, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 14.

For the reasons stated below, this Court grants Alvarez Rosario's motion, in part, and denies the Commissioner's cross-motion.

## **BACKGROUND**

### I.    PROCEDURAL HISTORY

On November 18, 2013, Alvarez Rosario applied for Supplemental Security Income benefits. Docket Item 5 at 124. He claimed that he had been disabled since September 10, 2012, due to spinal stenosis and a bulging disc. *Id.* at 157.

On March 20, 2014, Alvarez Rosario received notice that his application was denied because he was not disabled under the Act. *Id.* at 56. He requested a hearing before an administrative law judge ("ALJ"), *id.* at 71, which was held on April 5, 2016, *id.* at 16. The ALJ then issued a decision on May 4, 2016, confirming the finding that Alvarez Rosario was not disabled. *Id.* at 24. Alvarez Rosario appealed the ALJ's decision, but his appeal was denied, and the decision then became final. *Id.* at 4.

## II.     RELEVANT MEDICAL EVIDENCE

The following summarizes the medical evidence most relevant to Alvarez Rosario's objection. Alvarez Rosario was examined by several different providers but two—Ross Sherban, M.D., and Eugene Gosy, M.D.—are of most significance to the claim of disability here.

### A.     Ross Sherban, M.D.

Ross Sherban, M.D., is an orthopedic spinal surgeon who treated Alvarez Rosario several times in 2013 and 2014 for low back pain. *See, e.g.*, Docket Item 5 at 362; 422. On March 31, 2014, Dr. Sherban performed a second lumbar spinal surgery on Alvarez Rosario, *id.* at 532, and he continued to treat his back pain for years after the surgery. *See, e.g.*, *id.* at 433. On October 19, 2015, Dr. Sherban opined that Alvarez Rosario's "ongoing symptoms remain causally related to [his] work injury" and that he had a "100% disability with regards to his regular work and a 100% disability with regards to all work." *Id.* at 438.

### B. Eugene Gosy, M.D.

Eugene Gosy, M.D., is a pain-management specialist who began treating Alvarez Rosario on April 1, 2014, for post-surgery pain management. *Id.* at 487. Dr. Gosy treated Alvarez Rosario regularly through 2014 and 2015. *Id.* at 487-516. In treatment notes on several of these occasions, Dr. Gosy opined that Alvarez Rosario's percentage temporary impairment was "100%." *See, e.g.*, *id.* at 519.

## III. THE ALJ'S DECISION

In denying Alvarez Rosario's application, the ALJ evaluated Alvarez Rosario's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments. § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations. § 404.1520(a)(4)(iii). If the claimant's severe impairment or impairments meet or equal one listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that none of the severe impairments meet any of the regulations, the ALJ proceeds to step four. § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If a claimant can perform past relevant work, he or she is not disabled and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(v), (g). More specifically, the Commissioner bears the burden of proving that a claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

Here, at step one, the ALJ determined that Alvarez Rosario had not engaged in any substantial gainful activity in the relevant period. Docket Item 5 at 18. At step two, the ALJ found that Alvarez Rosario had the severe impairment of degenerative disk disease of the lumbar spine. *Id.* But at step three, the ALJ determined that this severe impairment did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

4

At step four, the ALJ determined that Alvarez Rosario had the RFC to perform light work, except that he could only occasionally crouch, squat, or kneel and he required the use of a cane to walk. *Id.* Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Alvarez Rosario could perform, such as sales attendant or stock clerk. *Id.* at 23. Therefore, the ALJ found him not to be disabled.

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

When evaluating a decision by the Commissioner, district courts have a narrow scope of review: they are to determine whether the Commissioner's conclusions are supported by substantial evidence in the record and whether the Commissioner applied the appropriate legal standards. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Indeed, a district court ***must*** accept the Commissioner's findings of fact if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). In other words, a district court does not review a disability determination de novo. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

## DISCUSSION

### I. ALLEGATIONS

Alvarez Rosario objects to the reasons the ALJ gave for the weight he assigned to the treating source opinions of Drs. Sherban and Gosy. Docket Item 13-1 at 20. He

5

specifically argues that the ALJ erred by discounting these opinions because they failed to give a function-by-function RFC assessment and, in Dr. Sherban's case, because his opinion was inconsistent with examination findings. *Id.* Alvarez Rosario further argues that the ALJ erred in failing to develop the record by obtaining a treating medical opinion on his functional limitations. *Id.* at 25. Alvarez Rosario contends that this error warrants remand at least for proper consideration of the treating source opinions of Drs. Sherban and Gosy and for the ALJ to obtain an opinion on his functional limitations. *Id.* at 29.

## II. ANALYSIS

When determining a claimant's RFC, the ALJ must evaluate every medical opinion in the record. 20 C.F.R. § 416.927(c). But "only 'acceptable medical sources' can be considered treating sources . . . whose medical opinions may be entitled to controlling weight. 'Acceptable medical sources' are further defined (by regulation) as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists." *Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (citing 20 C.F.R. § 416.913(a) and SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2009)). A treating source is an "acceptable medical source who provides [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1527(a)(1).

When a medical opinion from a treating source is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record," the opinion is given controlling weight. 20 C.F.R. § 404.1527(c)(2). If an ALJ does not give a treating source opinion controlling weight, the ALJ must consider several factors when deciding

6

the weight to give that opinion, including the examining relationship, the extent and nature of the treatment relationship, the length of the relationship, whether the medical opinion is supported by medical signs and laboratory findings, the opinion's consistency with the record as a whole, the opinion source's specialization, and other factors the claimant brings to the ALJ's attention. 20 C.F.R. § 404.1527(c)(1)-(6).

Here, the ALJ assigned little weight to the opinions of two treating sources—Drs. Sherban and Gosy—without appropriately addressing the factors identified in the regulations. Indeed, the ALJ gave inappropriate reasons for assigning little weight to these treating source opinions.

The first reason that the ALJ gave for discounting these opinions was that the treating sources "did not do a function-by-function analysis of what the claimant can do despite his limitations." Docket Item 5 at 21. This was error. Whether a medical source opinion is broken down into a function-by-function analysis is not one of the factors that the Commissioner considers when deciding the weight to be given to a treating source opinion. *See* 40 C.F.R. § 404.1527. What is more, if the lack of function-by-function analysis in a medical source's record created a gap in the record—that is, if the ALJ decided that he needed such an analysis to assess the provider's opinion—the ALJ should fill that gap by recontacting the source. *See Trumpower v. Colvin*, 2015 WL 162991, at *14 (W.D.N.Y. Jan. 13, 2015) (remanding "where the ALJ rejected Dr. Newman's opinion in large part because the ALJ found that it was incomplete [and] the ALJ had a duty to develop the record by re-contacting Dr. Newman for clarification regarding [the] foundation for [the] opinion.") (citations omitted); *Ashley v. Comm'r of Soc. Sec.*, 2014 WL 7409594, at *4 (N.D.N.Y. Dec. 30, 2014) (concluding that when a

7

physician's opinion suffers from inconsistencies, conflicts, or ambiguities, "[t]he ALJ ought to have contacted the doctor for clarification on his conclusion"). So if the ALJ wanted a function-by-function analysis from Alvarez Rosario's treating physicians here, he should have asked for one instead of simply discounting what the treating physicians said.

The second reason that the ALJ discounted Dr. Sherban's opinion was that it was "contrary to the claimant's examinations that consistently show that he has positive findings limited to loss of range of motion of the lumbar spine, some spinal tenderness and an antalgic gait." Docket Item 5 at 21. Whether objective medical findings support or do not support a medical source opinion is an appropriate consideration for assigning weight to the opinion. But in weighing the evidence, the ALJ must make specific findings and "conduct a distinct analysis that would permit adequate review on appeal." *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013) (quoting *Kohler v. Astrue*, 546 F.3d 260 (2d Cir. 2008)) (summary order).

Here, the ALJ does nothing more than assert—with no analysis whatsoever—that the limited positive findings in Dr. Sherban's examinations are "contrary" to Dr. Sherban's opinion. Docket Item 5 at 21. The ALJ does not say why or explain what led him to reach that conclusion. *See Aung Winn*, 541 Fed. Appx. at 70. So even if the ALJ, as a lay person, could find an inconsistency between Dr. Sherban's opinion and his examination results, the ALJ has not done so here.[1]

---

[1] The claimant argues that the ALJ's conclusion about limited positive findings was incorrect and that there are many more positive findings in the record. *See* Docket Item 13-1 at 24-25. Because this Court finds that this case must be remanded even if the ALJ was correct in that conclusion, it does not address this issue. And so this decision should not be read as agreeing with the ALJ's assessment that Alvarez

8

Finally, it is worth noting that Dr. Sherban, like Dr. Gosy, found Alvarez Rosario to have a "100% disability."  See Docket Item 5 at 21 ("Dr. Sherban has stated on numerous occasions that the claimant has . . . a 100% disability with regards to all work.") ("Dr. Gosy has also stated on numerous occasions that the claimant has a 100% disability.").  Of course, these opinions on the ultimate issue reserved to the Commissioner do not bind the ALJ.  See 20 C.F.R. § 404.1527(d)(1).  But an ALJ is not at liberty to reject such opinions simply because they reach the ultimate issue without analyzing what is behind those opinions or recontacting the physicians to have them translate their opinions into more appropriate terms.  See Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) (the fact that the "ultimate finding of whether a claimant is disabled" is "reserved to the commissioner . . . means that the Social Security Administration *considers the data that physicians provide* but draws its own conclusions") (emphasis added); Jakubowski v. Berryhill, 2017 WL 1082410, at *15 (E.D.N.Y. Mar. 22, 2017) (remanding because ALJ did not "adequately support[] his decision to accord [] little weight" to treating source opinion that the claimant maintained a "total 100% disability from her occupation," among other specific limitations).[2]

---

Rosario's "positive findings [were] limited to loss of range of motion of the lumbar spine, some spinal tenderness and an antalgic gait."  See Docket Item 5 at 21.

[2] Because this Court finds that remand is required for a separate reason and Alvarez Rosario's other objections may well be addressed on remand, this order does not address his other objections.

**CONCLUSION**

For the reasons stated above, the Commissioner's cross-motion for judgment on the pleadings, Docket Item 14, is DENIED, and Alvarez Rosario's motion for judgment on the pleadings, Docket Item 13, is GRANTED, in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated: April 9, 2019
Buffalo, New York

      *s/ Lawrence J. Vilardo*
      LAWRENCE J. VILARDO
      UNITED STATES DISTRICT JUDGE