UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAFAEL A. ALVAREZ ROSARIO,

       Plaintiff,

  v.                                   1:17-CV-00140-LJV
                                        DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

The plaintiff, Rafael Alvarez Rosario, is a prevailing party in this social security benefits action. His counsel, Lewis Schwartz, has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 24. The defendant does not oppose the motion but defers to the Court to determine whether the motion is timely. Docket Item 26 at 3.

**I.    TIMELINESS**

On August 2, 2019, the Second Circuit held that Section 406(b)(1)(A) motions must be filed within 14 days of the claimant receiving notice of award. *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Notwithstanding this deadline, the Second Circuit made it clear that "district courts are empowered to enlarge that filing period where circumstances warrant." *See id.* at 89.

The Social Security Administration ("SSA") issued Alvarez Rosario a notice of award on August 5, 2020. Docket Item 26 at 2. On September 22, 2020, the SSA sent Schwartz a letter informing him that it withheld 25% of Alvarez Rosario's past-due benefits, $19,822.25, to pay possible attorney fees. Docket Item 24-4. On September 25, 2020, Schwartz faxed a letter to the SSA requesting a copy of the August 5 notice of

award.  Docket Item 27-1 at 1.  The following day, on September 26, 2020, Schwartz filed this motion.  Docket Item 24.  And on September 29, 2020, Schwartz received a copy of the August 5 notice of award.  Docket Item 27 at 1.

There is no dispute that this motion was filed more than 14 days after Schwartz's *client* received the notice of award.  But there also is no dispute that the motion was filed within 14 days of when Schwartz alleges he received the notice.  Indeed, Schwartz filed this motion four days after he was alerted to the award, Docket Item 24, three days before he actually received a copy of the notice, Docket Item 27.

Although the motion for attorney's fees is untimely under *Sinkler*, this Court will excuse the delay.  Upon learning of the award, Schwartz acted diligently in filing this motion:  within three days, he requested the notice of award from the SSA, Docket Item 27 at 1, and within four, he filed this motion, *id.* at 1.

## II. REASONABLENESS

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Alvarez Rosario was awarded $79,289 in past-due benefits.  Docket Item 24-1 at 3.  Schwartz seeks $19,822.25 in fees, which is 25% of the past-due benefits and is

consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  Docket Item 24-1 at 2-3.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[1]  *Id.*  The $19,822.25 fee request is therefore granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on June 13, 2019, this Court previously awarded Alvarez Rosario's counsel $5,662 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 22, 23.  Because the fees granted above exceed the EAJA fees, Alvarez Rosario's counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

---

[1] While the fee here constitutes an hourly rate of $665.18—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

3

**ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $19,822.25, Docket Item 24, is GRANTED; and it is further

ORDERED that Alvarez Rosario's counsel shall refund the $5,662 in EAJA fees to Alvarez Rosario within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:   November 4, 2020
         Buffalo, New York

*[signature: Vilardo]*

LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE